# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALYSSA FREEMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) JURY TRIAL DEMANDED ) |
| NATIONAL CREDIT ADJUSTERS LLC | ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Alyssa Freeman, by and through undersigned counsel, and for her complaint against the Defendant, NATIONAL CREDIT ADJUSTERS LLC, Plaintiff states as follows:

### I.     PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq*. ("FDCPA").

### II.    JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District in that Defendant transacts business here, and the conduct complained of occurred here.

### III.   PARTIES

4. Alyssa Freeman ("Plaintiff") is a natural person who resides in Leavenworth, Kansas.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. National Credit Adjusters LLC., ("NCA") is a business entity engaged in the collection of consumer debt within the State of Kansas.

7. NCA is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) in that it is an entity of which its "principal purpose" is the collection of any debts.

## IV.  ALLEGATIONS

8. The debt allegedly owed by Plaintiff, ("the Debt"), was incurred through Rise Credit of Missouri d/b/a Rise primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15. U.S.C. § 1692a(5).

9. On or about February 4, 2020 Plaintiff retained counsel to assist in the resolution of several debts, including the Debt.

10. On or about May 12, 2020, Plaintiff's counsel mailed a notice of representation to NCA via certified mail.

11. NCA received this notice on or about May 18, 2020.

12. On or about June 2, 2020, NCA sent Plaintiff a letter in attempt to collect the Debt.

13. Despite receiving notice that Plaintiff was represented by an attorney, NCA has continued to contact Plaintiff directly.

14. This communication by NCA violated 15 U.S.C. § 1692c(a)(2), in that NCA contacted a consumer after receiving notice that the consumer was represented by an attorney.

## V. JURY DEMAND

15. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alyssa Freeman, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from NCA and for Plaintiff;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from NCA and for Plaintiff;

c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from NCA and for Plaintiff;

d. Any other relief deemed appropriate by this Honorable Court.

Date: November 11, 2020

Respectfully submitted,

**CREDIT LAW CENTER**

**By: /s/ Anthony Hernandez**
Anthony Hernandez
KS # 78743
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO  64064
Telephone:  816-282-0422
Facsimile:   855-523-6884
Anthonyh@creditlawcenter.com
**Attorney for Plaintiff**